IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gwendolyn Nelson, ) | |
| ) | C/A No. 1:09-1972-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Gwendolyn Nelson filed the within action on May 13, 2009, seeking judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's claims for benefits under the Social Security Act. See 42 U.S.C. § 405(g).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On November 9, 2010, the Magistrate Judge issued a Report and Recommendation in which she determined that she could not determine whether the Administrative Law Judge (ALJ) adequately considered Plaintiff's complaints of lymphedema, neuropathy, and associated complaint of pain in her left arm and shoulder. The Magistrate Judge further determined that she could not determine whether the ALJ considered the combined effects of Plaintiff's impairments, or whether the ALJ sufficient considered the opinion of Plaintiff's oncologist, Dr. Clowney. The Magistrate Judge also noted that the ALJ failed to consider what impact Plaintiff's time away from work would have on her ability to work and whether a closed period of disability may be appropriate Accordingly, the Magistrate Judge recommended that the within action be remanded pursuant to sentence four of 42 U.S.C. § 405(g).

On November 22, 2010, the Commissioner filed a notice informing the court that he would not file objections to the Report and Recommendation. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within action is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case remanded to the Commissioner for further administrative action as set out hereinabove and in the Report and Recommendation.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
December 1, 2010