IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| Gwendolyn Nelson, ) | |
| ) | C/A No. 1:09-1972-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    Plaintiff Gwendolyn Nelson brought this action to obtain judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's claims for supplemental security income and disability insurance benefits. See 42 U.S.C. §§ 405(g) and 1383(c)(3). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges. By Report and Recommendation filed November 9, 2010, the Magistrate Judge recommended that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g) and the case remanded for further administrative action. On November 22, 2010, the Commissioner filed a notice that he would not file objections to the Report. On December 1, 2010, the court issued an order reversing the Commissioner's decision and remanding the case to the Commissioner for further administrative action.

    This matter now is before the court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which motion was filed January 31, 2011 (ECF No. 28). Counsel moves for an attorney's fee in the amount of $6,704.00 and costs in the amount of $367.13. On February 15, 2011, the Commissioner filed a response to Plaintiff's motion for attorney's

fees. The Commissioner contended that the motion should be denied because the government's position was substantially justified. Plaintiff filed a reply brief on February 25, 2011.

FACTS

Plaintiff alleges disability because of breast cancer, including treatment for breast cancer; lymphedema and neuropathy in her left arm and shoulder; and high blood pressure, insomnia, cardiomegaly, chronic pain, obesity, right shoulder pain, cervical surgery in July 2008, right knee surgery, depression, anxiety, and neck pain. On September 27, 2006, Plaintiff filed applications for disability insurance benefits and supplemental security income benefits, alleging disability beginning July 20, 2006. The applications were denied initially and on review. A hearing was held before an Administrative Law Judge (ALJ) on December 8, 2008. The ALJ determined that Plaintiff was not disabled within the meaning of the Act by decision dated February 10, 2009. The ALJ's findings became the final decision of the Commissioner after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

The ALJ found that Plaintiff had the severe impairments of degenerative disc disease, degenerative joint disease, obesity, and breast cancer. The ALJ determined that her impairments of hypertension and depression were nonsevere. Tr. at 12. The ALJ found that Plaintiff could no longer perform her past relevant work, but found she could perform the full range of "light work" as defined by the Commission's regulations. Tr. at 13, 15.

On judicial review, Plaintiff contended that the ALJ erred by (1) failing to evaluate the specific time between July 2006 and January 2008 when Plaintiff was undergoing frequent cancer treatment and during which time frame her oncologist opined that she could not work; (2) failing to

find that Plaintiff's impairments of chronic pain, left upper extremity neuropathy and lymphedema were "severe" impairments; (3) failing to evaluate the chronic pain and in requiring physical evidence of the chronic pain and requiring evidence from emergency room or hospital treatment to prove the presence of Plaintiff's chronic pain; and (4) determining that Plaintiff retained the residual functional capacity to perform a full range of light work activity.

## DISCUSSION

The Commissioner contends that the court should not award attorney's fees under the EAJA because the Commissioner's response was substantially justified. See 28. U.S.C. § 2412(d)(1)(A) (providing for an award of fees, expenses, and costs incurred by a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). A position taken by the Commissioner is substantially justified if it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 422, 565 (1988).

A.  Cancer Treatment

The Magistrate Judge observed that the ALJ failed to reference Dr. Clowney's statement that Plaintiff would be out of work for the eighteen months she was under his care for cancer treatments. The Commissioner acknowledged that the ALJ did not specifically point to Dr. Clowney's statement, but contended that the ALJ sufficiently considered Dr. Clowney's statement in this paragraph of the ALJ's decision:

> As for the opinion evidence, no physician treating the claimant has suggested specific functional limitations for her. Since the alleged onset date, the objective findings and treatment notes of claimant's treating physicians are consistent with the residual functional capacity limitations described above, and are the credible findings as to her subjective symptoms.

3

Tr. at 15.

The Magistrate Judge found this "seemingly boilerplate" paragraph did not inform her regarding what opinion evidence the ALJ considered, and whether he considered Dr. Clowney's statement at all.  The Commissioner contends that "a reasonable mind could infer that [the ALJ] took Dr. Clowney's findings into account and at least implicitly discounted any opinion to the extent it differed from the residual functional capacity described in the decision." ECF No. 30, 4.  In the court's view, the Commissioner attempts to read to much into the ALJ's generalized statement.  The court concludes that the Commissioner's position was not substantially justified.

B.    <u>Claimed Impairments of Lymphedema and Neuropathy</u>

The Magistrate Judge determined that the ALJ had failed to consider lymphedema and neuropathy that are secondary to cancer treatment as their own, separate impairments.  The Magistrate Judge noted that the ALJ did not specifically address lymphadenopathy other than by passing reference to December 2006 medical records of Dr. Clowney, one of Plaintiff's treating physicians.  The ALJ did not reference other evidence in the record regarding Plaintiff's lymphedema, including physical therapy in 2007, a reduced range of motion in her left shoulder, and complaints of unbearable pain.  The Magistrate Judge further noted that the ALJ failed to reference that Plaintiff had her lymph nodes removed.  In addition, the ALJ provided no discussion of Plaintiff's complaints of neuropathy, other than noting that Plaintiff had "some neuropathy secondary to chemotherapy." Tr. at 13.  Thus, the Magistrate Judge determined that she was without sufficient information to know whether the ALJ considered the entire record or Plaintiff's numerous references to these two conditions during her visits with treating physicians.

The Commissioner contends he was substantially justified in asserting that the ALJ had considered the entire record in making his decision.  The Commissioner argues that the ALJ correctly

4

observed that Plaintiff had no demonstrable neurological deficit. The Commissioner also concedes that the ALJ did not address Plaintiff's lymphedema, but argues that "subsequent examinations continually showed no neurological or motor deficits from neuropathy or lymphedema" in Plaintiff's left arm. ECF No. 30. The court cannot adopt a post-hoc rationalization to support the ALJ's decision. See Robinson v. Barnhart, 366 F.3d 1078, 1084-85 (10th Cir. 2004). Rather, as the Magistrate Judge found, it was not possible to determine whether the ALJ adequately considered Plaintiff's complaints of lymphedema and neuropathy. The Commissioner's position was not substantially justified.

C.  Other Assertions of Error

The Magistrate Judge further determined that the ALJ did not properly analyze Plaintiff's impairments together, as contemplated by 20 C.F.R. § 404.1523, and that the ALJ failed to address whether he considered the time Plaintiff would have to miss from work during undergoing chemotherapy and radiation treatment between July 2006 and January 2008. The Commissioner does not contend that he was substantially justified in defending the ALJ's decision as to these issues. Accordingly, the court concludes that the Commissioner's position was not substantially justified.

CONCLUSION

The court concludes that the Commissioner's position in defending the case was not substantially justified. Further, the court finds the hours expended by counsel were not excessive, and that the hourly rate requested by Plaintiff is reasonable.

Accordingly, IT IS ORDERED that Plaintiff's motion for fees under the EAJA (ECF No. 28) be **granted** in the amount of $6,704.00 for fees, as well as costs in the amount of $357.13, for a total

of $7,071.13.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

January 9, 2012.